**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER L. (BUCKY) MOORE, and
all others similarly situated,

       Plaintiff - Appellant,

    v.

BROTHERHOOD OF LOCOMOTIVE
ENGINEERS; UNION PACIFIC
RAILROAD COMPANY,

       Defendants - Appellees.

No. 00-3219

District of Kansas

(D.C. No. 99-CV-1214-JTM)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , Chief Judge, **REAVLEY** [**], and **LUCERO** , Circuit Judges.

Plaintiff-appellant Roger Moore appeals from summary judgment against

his claims that his collective bargaining representative (Brotherhood of

Locomotive Engineers) and his employer (Union Pacific Railroad) colluded to

violate his rights to fair representation and his rights under the union constitution.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Thomas M. Reavley, United States Senior Circuit Judge for the
Fifth Circuit, sitting by designation.

The district court concluded that it lacked jurisdiction for several reasons and that Moore's fair-representation claim is barred by the union membership's ratification of the implementing agreement between Brotherhood and Union Pacific. The court also stated that the defendants would be entitled to summary judgment. We affirm for the following reason.

Moore has presented no evidence beyond the union agreement itself in support of his fair-representation claim or his claim to seniority rights. Likewise, he has offered no evidence that Union Pacific acted inappropriately. Therefore, his fair-representation claim fails. For the same reason, no violation of the union constitution is presented.

However, our holding does not preclude a claim that the collective bargaining agreements were unfair to Moore or suggest any decision as to whether that claim could be arbitrable under the *New York Dock* conditions,[1] or before the National Railroad Adjustment Board.[2]

AFFIRMED.

ENTERED FOR THE COURT

Thomas M. Reavley
Senior Circuit Judge

---

[1] *See New York Dock Ry. v. United States*, 609 F.2d 83 (2d Cir. 1979).

[2] *See* 45 U.S.C. § 153, First (i).